# CASES

IN THE

# SUPREME COURT OF ILLINOIS.

## SECOND GRAND DIVISION.

### JANUARY TERM, 1868.

### JAMES M. GIBBS

*v.*

### BENJAMIN F. JONES.

| 46 | 319 |
| 125 | 637 |
| 46 | 319 |
| 131 | 652 |
| 46 | 319 |
| 154 | 480 |
| 46 | 319 |
| 51a | 236 |
| 46 | 319 |
| 198 | 1235 |

1. WAIVER OF TORT—*an action of assumpsit—specially pleaded in bar of an action of trover.* When an action of trover is brought, an action in assumpsit between the same parties brought to recover the *value* of the property, and which was dismissed without prejudice, cannot be specially pleaded in bar of this action, as waiving the tortious taking.

2. PURCHASER—*as to title of.* The purchaser of property wrongfully taken by the vendor, can obtain no more perfect title to the property purchased, than the vendor himself possessed.

3. So, where property was sold upon credit, the condition precedent to the delivery of the property being, that the purchaser should execute his promissory note, running for a period of twelve months, for the purchase money, with approved

security; and the purchaser takes the property without complying with the conditions of the sale, and without consent of the vendor, and sells it to a third party, such third party, although an innocent purchaser, and without notice of the wrongful taking, can acquire no better title to the property than his vendor possessed.

4. DEMAND AND REFUSAL—*not necessary.* A demand for the delivery of possession of property, is not necessary where the original taking was tortious, in order that an action of trover may be maintained.

WRIT OF ERROR to the Circuit Court of Coles county; the Hon. JAMES STEELE, Judge, presiding.

The facts, so far as they relate to the points decided in the case, appear in the opinion.

Messrs. HENRY, READ & STEELE, for the plaintiff in error.

Mr. O. B. FICKLIN, for the defendant in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

There are but two questions of any importance made on this record. The first is, as to the substance of the special plea, and the other is, as to the ownership of the property.

The action was trover, for two mules. The special plea sets up an action of assumpsit, brought by the plaintiff in the action, against the defendant for the price of the mules. It does not allege the action proceeded to judgment, and that there was a recovery therein, but it is agreed it was dismissed by the plaintiff without prejudice, and this action of trover brought.

That this plea, as pleaded, was no bar to this action of trover, is apparent. The *gist* of the action of trover, is the wrongful conversion of the plaintiff's property. The plea merely alleges that defendant having bought the mules of a person claiming ownership of them, without any knowledge that he was not the owner, and that after the sale, the plaintiff, with a

full knowledge of the facts, waived the tortious taking by his vendor, and brought an action of assumpsit against the defendant for their price, he having before that time, sold the mules and received the money for them; and that by reason of bringing such suit, the defendant was compelled to expend a large sum of money in and about his defence to the action, and that by reason thereof the plaintiff ought to be estopped from bringing this action of trover.

No authority is referred to in support of this plea, and none can be; it is no answer to any averment in the declaration, nor does it set up any matter which should bar this action. The most that can be inferred from it, and the ruling upon the demurrer, is that the plaintiff, by the action of assumpsit, mistook his remedy, and took a non-suit. It is no bar to this action. 1 Ch., Pl. 507; *Smith* v. *Scantling*, 4 Blackf. 143; *Peters* v. *Ballistier*, 3 Pick. 495.

The evidence of the sale of the mules is this: They were sold by the plaintiff, as an administrator, at public sale, the terms of which were publicly cried during the sale at different times. One Young, who had been a hired hand on the farm of the deceased, and who was then employed by the administrator to collect the stock together, preparatory to selling it, bid off these mules at three hundred dollars; and they were, as all other stock so bid off, returned to the pasture. The terms of the sale were twelve months' credit for all sums over five dollars, with note and approved security, and no property sold was to be delivered until the terms were complied with.

Young, without complying with the terms, furtively took the mules out of the pasture, carried them to Mattoon, and sold them to the defendant.

These being the facts, it is evident Young had no title to the mules, and consequently, could confer none on the defendant.

See, on this question, the case of *Fawcett et al.* v. *Osborn*, 32 Ill. 411, where the doctrine is fully examined.

41—46TH ILL.

A demand was not necessary in the case, as the original taking was tortious, and defendant could acquire no rights by such taking ; it would be, as to him, equally a tortious taking.

But the plaintiff did make a demand at Gibbs' stable, of one of the Gibbs, but whether the defendant or not, is not positively shown, but it might be reasonably inferred it was the defendant. He claimed to have bought the mules of Young, and had paid for them. Had the purchase been made of the plaintiff, then a demand would have been necessary, and would be like the case of *Stewart* v. *Spedder*, 5 Maryland 433.

There being no error in the record, the judgment is affirmed.

*Judgment affirmed.*