WILLIAM STIER

*v.*

HENRY HARMS.

*Filed at Ottawa January 15, 1895.*

1. ACTION—*replevin and trespass not incompatible actions.* The remedies of replevin and trespass, for the wrongful taking of goods under a distress warrant, are analogous, consistent and concurrent.

2. JUDGMENT—*judgment of non-suit in replevin no bar to trespass.* A judgment of non-suit suffered by plaintiff in replevin for goods taken under a distress warrant is not a bar to an action of trespass to recover damages for their wrongful taking and appropriation, as replevin and trespass are not opposite and irreconcilable claims of right.

*Harms* v. *Stier*, 51 Ill. App. 234, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

This was an action of trespass, brought by William Stier, to recover damages for the wrongful taking and appropriation of two horses, of which he claimed to be the owner, by Henry Harms. Harms pleaded the gen-

eral issue, and also that he took the horses by virtue of
a distress warrant against his tenant, Henry Stier, (a
brother of appellant,) against whom he recovered judg-
ment for $195, and that when the levy was made Stier
was present and saw the writ, and made no claim of
ownership to the horses or objection to the levy, and that
Harms levied on them with the belief that the horses
belonged to his tenant, Henry Stier. Issues were joined
on these pleas, and on a trial before a jury plaintiff recov-
ered a verdict and judgment for $383.50. The defendant
appealed to the Appellate Court, where the judgment
was reversed and a remanding order refused. Upon
reversing the judgment the Appellate Court entered, as
a part of the judgment, the following finding : "There-
fore, it is considered by the court that the judgment of
the circuit court of Cook county be reversed, because it
appears to the court, from the records of this cause, that
before this action of trespass was instituted the said ap-
pellee had replevined from the said appellant the horses
for the taking of which this action was brought, there-
fore this cause is not remanded." To reverse the judg-
ment of the Appellate Court the plaintiff in the action,
William Stier, appealed.

H. S. MECARTNEY, and E. J. PRICE, for appellant :

The judgment dismissing the replevin case and award-
ing a *retorno* was a judgment of non-suit, merely. Hurd's
Stat. chap. 110, sec. 18.

The replevin suit decided nothing, and could not estop
the plaintiff to bring a new action. Bigelow on Estoppel,
(4th ed.) 51, 52.

Appellant, after the dismissal of his replevin suit and
the return of his horses to appellee, could have begun a
new replevin suit and retaken his horses. Chitty's Plead-
ings, (14 Am. ed.) 212 ; Wells on Replevin, sec. 494 ; *Wal-
bridge* v. *Shaw*, 7 Cush. 560 ; *Doggett* v. *Robins*, 2 Black,
415 ; *Westcott* v. *Bock*, 2 Col. 335.

Replevin and trespass *de bonis* are analogous, alternative, consistent and concurrent remedies. No position is assumed in pursuing one which is denied in pursuing the other. Wells on Replevin, sec. 44, and note; Hilliard on Remedies for Torts, 4, 6; *Stanley* v. *Gaylord*, 1 Cush. 536; *Butler* v. *Hildreth*, 5 Metc. (Mass.) 49; *Mills* v. *Parkhurst*, 126 N. Y. 89; *Crossman* v. *Railroad Co.* 127 id. 34; *Fowler* v. *Bank*, 23 Abb. N. C. 133, and note; *Ford* v. *Beech*, 11 Ad. & El. (N. S.) 63.

E. H. GARY, for appellee:

Where one has once made his election of rights or remedies he is ever after bound thereby. Having chosen one right or form of action the other is waived, and "a personal action, once suspended by the act of the party, is gone forever." Bacon's Abr. "Election, D;" Comyn's Dig. "Election, C," 2; *Morris* v. *Rexford*, 18 N. Y. 552; *Moller* v. *Tuska*, 87 id. 166; *Conrow* v. *Little*, 115 id. 387; *Terry* v. *Munger*, 121 id. 161; *Hughes* v. *Copper Mining Co.* 7 Hun, 677; *White* v. *Whiting*, 8 Daly, 23; *Butler* v. *Wehler*, 4 Hun, 54; *Wright* v. *Pierce*, 4 id. 351; *Wile* v. *Brownstein*, 35 id. 68; *Baumann* v. *Jefferson*, 23 N. Y. Sup. 685; *Jones* v. *Barlow*, 38 N. Y. 142.

CRAIG, J.: After the horses had been taken by Harms on a distress warrant, the plaintiff in this action, William Stier, brought an action of replevin and took the horses under a writ of replevin. Subsequently, on failure to file a declaration, the action of replevin was dismissed and a writ of *retorno habendo* awarded. This writ was issued and the horses were taken under it, and, as the jury found, returned to Harms. After the return of the horses to Harms under the writ, this action of trespass was instituted to recover the value of the horses at the time they were taken under the distress warrant. On the trial, the circuit court, in the instructions to the jury, held that the action of replevin was not a bar to the present action, but the Appellate Court held otherwise,

and reversed the judgment of the circuit court, and the propriety of this ruling is the principal question presented by this record.

If there had been a recovery by Stier in the action of replevin, the judgment might be regarded as a bar to an action of trespass brought to recover the value of the same goods, as held in *Karr* v. *Barstow*, 24 Ill. 581. But there was no recovery—the plaintiff suffered a non-suit. When the goods were taken under a distress warrant the plaintiff had either of two remedies: replevin or trespass. These remedies, as we understand the authorities, were analogous, consistent and concurrent. (Wells on Replevin, sec. 44, and note; *Stanley* v. *Gaylord*, 1 Cush. 536; *Butler* v. *Hildreth*, 5 Metc. (Mass.) 49.) In the decision of the case last cited the court said: "In cases where there are two independent and collateral remedies, not inconsistent with each other, a party is not barred, by discontinuing one, from commencing a new action on the other. A man may have trespass and replevin for the same goods, but the one right is not repugnant to the other. We do not see why he might not discontinue one and commence the other at any time before he has proceeded to judgment."

In the State of New York it has been held that where the remedies are inconsistent, and not concurrent, the selection of one will preclude the right to pursue the other. Thus, in *Morris* v. *Rexford*, 18 N. Y. 557, it is said: "A vendor of goods on a sale and delivery upon cash terms, if he fails to get payment, may consider the delivery absolute, and rely on the responsibility of the vendee, or he may disaffirm and reclaim his property. But he cannot do both of these things. The remedies are not concurrent, and the choice between them once being made, the right to follow the other is forever gone. The law tolerates no such absurdity as a seizure of goods by a person claiming that he has never sold them, and an action by the same person, founded on the sale and

delivery of the same goods, for the recovery of the price.
In peculiar circumstances a party may take either one
of these courses, but having rightfully made his choice,
the right to follow the other is extinct and gone." (Citing
numerous authorities.)

In *Mills* v. *Parkhurst*, 126 N. Y. 89, the same doctrine
is reiterated in the following language: "The doctrine
of election, usually predicated of inconsistent remedies,
consists in holding the party to whom several courses
were open for obtaining relief, to his first election, where,
subsequently, he attempts to avail himself of some
further and other remedy not consistent with, but con-
tradictory of, his previous attitude and action upon his
claim. The basis for the application of the doctrine is
in the proposition that where there is, by law or con-
tract, a choice between two remedies which proceed upon
opposite and irreconcilable claims of right, the one taken
must exclude and bar the prosecution of the other."

In *Dyckman* v. *Troatson*, 39 Minn. 132, the plaintiff
claimed property under a chattel mortgage. After the
mortgage became due he commenced an action by attach-
ment, levied on the property, and obtained a judgment.
Subsequently he commenced an action to recover the
property attached, under his chattel mortgage, but the
court held that plaintiff, by attaching the property as the
property of another obtaining a judgment in the attach-
ment proceeding, had assumed a position so inconsistent
with his claim as mortgagee that he was concluded by
the attachment proceeding.

This court has not gone as far as the courts of New
York in holding a party concluded by the bringing of an
action where the remedies may be regarded inconsistent
and irreconcilable, as will be seen by reference to a few
cases. In *Gibbs* v. *Jones*, 46 Ill. 318, it was held, that when
an action of trover is brought, an action in assumpsit
between the same parties brought to recover the value
of the property, and which was dismissed without preju-

dice, cannot be specially pleaded in bar of the action of trover. In the late case of *Flower* v. *Brumbach*, 131 Ill. 646, it was held the fact that a party has selected one of several remedies by action will not, in general, preclude him from abandoning such suit, and after having discontinued it he may adopt any other remedy.

But this seeming difference, if it exists, has no bearing on the question involved. As has been heretofore seen, replevin and trespass are not opposite and irreconcilable claims of right. When the horses were taken, Stier, if the owner, had either of two remedies: replevin, to obtain the possession of the property, or trespass, to recover its value. These remedies were not inconsistent or irreconcilable. He had the right to choose either, but the mere fact that he chose replevin, and subsequently abandoned it and allowed the action to be dismissed and the property to be returned, did not, in our opinion, preclude him from bringing another action to recover the value of the property. The rights and obligations of the parties after the action of replevin had been dismissed and the property returned were precisely the same as they were at the time the action was commenced. Why, then, should the beginning of a suit, and its dismissal, take away a right of recovery, in an appropriate action, if one existed before? If replevin and trespass were inconsistent remedies a different rule might prevail.

The circuit court refused defendant's third instruction, in regard to an estoppel, and this ruling is relied upon as error. Without pausing to determine whether the instruction, as prepared, was correct or incorrect, it is sufficient to say that the evidence bearing on the question of estoppel was not, in our opinion, sufficient to warrant an instruction of that character.

So far as appears from the record the rulings of the circuit court seem to be correct. The judgment of the Appellate Court will therefore be reversed and the judgment of the circuit court affirmed.          *Judgment reversed.*