## Merle & Heaney Manufacturing Company, Appellee, v. Paschal Hicks, Appellant.

### Gen. No. 17,945.

1.  Damages—*when evidence sustains finding of, for unauthorized use of property.*  Plaintiff delivered to defendant certain ivory balls with option to buy or return them.  Later defendant notified plaintiff to take them back but continued to use them on another floor of the building contrary to agreement.  *Held,* that while the damages were not susceptible of accurate proof the court's findings would not be disturbed, there being sufficient evidence to support them.

2.  Actions and defenses—*when bringing and dismissal of assumpsit not bar to replevin.*  The fact that plaintiff previously

brought and dismissed an *assumpsit* action for the value of property belonging to him does not bar him from bringing a replevin action therefor where defendant was not thereby led to change his position or pursue a different course.

Appeal from the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed March 25, 1913.

MUSGRAVE, OPPENHEIM & LEE, for appellant.

HELMER, MOULTON, WHITMAN & WHITMAN, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This was an action of replevin with a claim for trover. The goods in question consisted of various articles making up the equipment of a billiard room. No question arises with regard to the goods taken on the writ except as to two billiard tables and eight sets of ivory balls. The other questions raised relate to goods claimed but not found, of the alleged value of $217, and also to the amount of damages to goods recovered, alleged to be $1,053.50. The case was tried before the court without a jury, which assessed plaintiff's damages at $1,002.

The property in question was the subject of a conditional sale under a written contract, but appellant claims that three and one-third dozen cues and two mirror cue racks were never delivered to him; that of the goods replevined he was entitled to keep two billiard tables to fulfill plaintiff's obligation to him on a prior contract, and eight sets of ivory balls by special agreement; and that the evidence of damage to the ivory balls was incompetent, and the evidence to support the court's findings for plaintiff on all these matters insufficient.

The questions raised are mostly questions of fact.

The record is somewhat voluminous and the evidence involves many matters of detail, relating to the quantities and values of the various kinds of articles belonging to such an outfit, their condition when replevined, the extent of their damage and use and their depreciation in value from use. The court made no specific findings of fact and was not asked to, and what estimates it rejected and received in making the assessment of damages, it is impossible to determine. In that respect we are not aided by an analysis of the evidence in the arguments, and in reaching the conclusion that there was sufficient competent evidence to sustain the court's finding, we deem it impracticable to discuss these details and thus protract the opinion to needless length.

The evidence is conflicting, but the trial court had far better facilities than we have for determining what weight should be given to the testimony heard, and we think the court had sufficient evidence to reach conclusions adverse to each of appellant's claims.

The greater part of the damage claimed was from depreciation in the value of the ivory balls resulting from their use. By the contract under which they were delivered, defendant was entitled to return all the goods in case he did not elect to buy them. They were delivered to and were to be used on the third floor of the building in which defendant conducted his business. Defendant had another billiard hall on the second floor, the outfit for which he had previously purchased from plaintiff. About a year after the delivery of the goods in question, he notified plaintiff to take them out, but nevertheless continued to use the same there for several months thereafter, and later used them, without any right to do so, on the second floor. It was sought to prove the damage to said balls from such unauthorized use, but not from use on the third floor which was authorized under the terms of the contract. In the nature of things, the damage from

the use on the second floor alone, after previous use on the third floor, was not susceptible of accurate proof. But we think the matter was as fairly presented to the court as could be under the peculiar circumstances, and are not convinced that there was any reversible error in admitting the testimony received to show such damage.

It appears that plaintiff had previously brought and dismissed an *assumpsit* suit to recover the value of said goods, but defendant was not thereby led to change his position or pursue a different course with respect to the property. His rights and the relations of the parties remained unchanged, and plaintiff was not thereby barred from bringing a suit for replevin. Garrett v. John V. Farwell Co., 199 Ill. 436; Flower v. Brumbach, 131 Ill. 646; Gibbs v. Jones, 46 Ill. 319.

The judgment will be affrmed.

*Affirmed.*