(No. 11279.—Judgment affirmed.)

WILLIAM J. JACKSON, Receiver, Plaintiff in Error, *vs.* THE INDUSTRIAL BOARD OF ILLINOIS *et al.* Defendants in Error.

*Opinion filed October 23, 1917—Rehearing denied Dec. 5, 1917.*

1. EVIDENCE—*written instruments are presumed to have been written on the day they bear date.* There is always a presumption that instruments are made or written on the day they bear date; and this presumption applies to letters written by one party to a suit to the other party.

2. ACTIONS AND DEFENSES—*when the doctrine of an election of remedies does not apply.* The doctrine of the election of remedies is applicable only where a party has elected between inconsistent remedies for the same injury or cause of action and does not apply to an election between suits based upon different statutes.

3. SAME—*when judgment under Federal Employers' Liability act is no bar to suit under State law for the same injury.* A judgment against the plaintiff in a suit brought under the Federal Employers' Liability act is no bar to an action under a State law for the same injury, where it was determined that the party injured was not engaged or employed in inter-State commerce at the time of the injury.

4. WORKMEN'S COMPENSATION—*when the employer is estopped from contending that injured employee was engaged in inter-State commerce.* A judgment against the administratrix in a suit under the Federal Employers' Liability act for the death of an employee of a railroad company, where it was determined that the deceased was not engaged in inter-State commerce at the time of the injury,

estops either party from contending in any other suit that the injured party was engaged in inter-State commerce.

5. SAME—*what determines whether employee is engaged in inter-State commerce.* It is the employment that determines whether or not the employee is engaged in inter-State commerce within the meaning of the Federal Employers' Liability act, and not the act of the employee just at the time of his injury.

6. ESTOPPEL—*when judgment on demurrer operates by way of estoppel the same as a verdict.* A judgment on demurrer is equally as conclusive by way of estoppel as would be a verdict finding the same fact followed by a judgment on the verdict, and the fact thus established cannot afterwards be contested between the same parties if it is an ultimate fact determining the question of liability; and the public announcement of the court may be proved by parol evidence in order to determine what issues were definitely passed upon and decided.

WRIT OF ERROR to the Circuit Court of Vermilion county; the Hon. JOHN H. MARSHALL, Judge, presiding.

H. M. STEELY, and H. M. STEELY, JR., for plaintiff in error.

L. A. CRANSTON, C. H. BECKWITH, and ACTON & ACTON, for defendants in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

On a petition filed with the Industrial Board on September 29, 1915, by Mary Hoskins, administratrix of the estate of Nathaniel Ramey, deceased, an award of $573.20 was entered by the arbitrators, the same to be paid in weekly installments. The Industrial Board confirmed the award. A judgment was rendered by the circuit court of Vermilion county confirming the award, and a proper certificate having been made by that court, this writ of error was sued out of this court.

The essential facts in this case are not in dispute. The plaintiff in error is receiver of the Chicago and Eastern Illinois Railroad Company and is engaged in both intra-State

and inter-State commerce by the operation of the said rail-road, which extends from Chicago, through Bismark and Danville, Illinois, and Terre Haute, to Evansville, Indiana. Between Chicago and Danville the line is double-tracked, the east track being used for north-bound trains and the west track for south-bound trains. Plaintiff in error had in his employ a gang of painters, including the deceased, who painted buildings, bridges and everything required to be painted along the railroad from Villa Grove north on the St. Louis division, from Terre Haute to Chicago, and from Brazil, Indiana, to LaCrosse, Indiana, and on some spur-tracks extending from the main lines. The paint gang had with them a bunk-car, in which they slept; a cook-car, in which they cooked and ate their meals, in one end of which was the office of the foreman; a flat-car, on which they carried ladders, tools and a three-wheeled hand-car, called a "speeder;" and a box-car, in which they kept paints, oils, brushes and other supplies. On October 2, 1913, this paint gang was located at Bismark, a station nine miles north of Danville, their cars being stationed on the side-track, near the passenger depot. On said date all the gang except the foreman and the cook were engaged in painting the outside of a two-story interlocking tower. The tower housed the levers which handled the interlocking plant of a branch road or cut-off that ran southeast, and also the levers that operated the signals on posts both north and south of the tower, known as the "home" and "distance" signals. On said last date, the supply of paint at the tower being exhausted, the deceased, Nathaniel Ramey, had gone to the box-car at Bismark to get some paint and was returning to his work at the tower on the south-bound track on the speeder when a fast train bound from Chicago to Evansville approached him from the north. He stopped the speeder, removed the paint, and was apparently in the act of lifting the speeder from the track when the train struck the speeder, completely demolishing it and killing the

deceased, either by striking him with the pilot beam or driving the speeder against him.

The administratrix, through her attorneys, properly stamped and sent by registered mail a formal notice of the accident dated November 1, 1913, with a statement of claim, under the Workmen's Compensation act, to the receiver of said railroad at his correct address. On November 6, 1913, the general attorney for plaintiff in error wrote a letter to the attorneys for the administratrix in which he acknowledged receipt of the said notice sent to the receiver and stated that the notice had been referred to him, and that the claim agent of the receiver would call on the attorneys for the administratrix within the course of a couple of weeks. This letter of the general attorney starts off with this sentence: "Your letter of the 3d inst. and notice sent to Messrs. W. J. Jackson and Edwin W. Winters, receivers, both with reference to claim arising from the death of one Nathaniel Ramey, have been referred to me." The claim agent did call on the attorneys after they had received the general attorney's letter and discussed with the attorneys for the administratrix the matter of settlement of said case. The notice mailed to the receivers, as aforesaid, was produced by plaintiff in error at the hearing before the committee of arbitration on demand of the attorneys for the administratrix. The evidence does not disclose more definitely what day said notice was mailed to the receiver and does not disclose what day the claim agent, Fowler, called on the attorneys of the administratrix with a view to a settlement of the cause.

On March 28, 1914, the administratrix of Ramey began a suit under the Federal Employers' Liability act for damages for causing the death of Ramey, in the circuit court of Vermilion county, against plaintiff in error. Plaintiff in error demurred to the declaration as amended and set out a number of special causes of demurrer, one of which was that the declaration, and each count thereof, failed to show

.280 – 34

that Ramey at the time of his death was engaged in inter-State commerce. The court sustained the demurrer, announcing, in substance, that the basis or ground of his decision was that the declaration showed that the deceased was not engaged in inter-State commerce at the time he was killed. The administratrix elected to stand by her declaration, judgment was entered by the court on demurrer against her in bar of her suit, and she prayed for but did not perfect an appeal from said judgment. Shortly thereafter the petition was filed before the Industrial Board. On the hearing before the Industrial Board parol testimony was introduced to show that the circuit court sustained the demurrer to said declaration because it decided that the facts stated in the declaration showed the deceased was not engaged in inter-State commerce at the time he was killed.

Plaintiff in error contends in this court that the notice of the accident and claim for compensation was not served on him within six months after the accident, so far as the evidence shows. There is no contention that the notice of the accident and of claim mailed to the receiver was lacking in any particular, but simply that it was not proved that it was served within the six months required by the Workmen's Compensation act. It is true that the record fails to disclose the date on which the attorneys for the administratrix mailed said notice to plaintiff in error. It also fails entirely to show what date the claim agent, Fowler, visited the attorneys for the administratrix with a view to settling the case. However, the letter of the general attorney of plaintiff in error acknowledged the receipt of the letter of the attorneys for the administratrix and the notice therein contained. The general attorney's letter was dated November 6, 1913, and speaks of the letter written for the administratrix as being dated November 3, 1913. The introduction of the general attorney's letter showed *prima facie* that the receiver and the general attorney received a notice on or before November 6, 1913. There is always a

presumption that instruments are made or written on the day they bear date, and this presumption applies to letters written by a party to a suit to the other party to the suit. (1 Jones' Com. on Evidence, sec. 51, by Horwitz.)  It was positively proved that plaintiff in error did receive the notice from the fact that the notice was in his possession and delivered to the opposite attorney at the hearing before the board when demanded of him.

It is urged with much emphasis that the administratrix was estopped from asserting her claim before the Industrial Board because she elected her remedy under the Federal Employers" Liability act.  The election of remedies has no application whatever to this suit.  The doctrine of the election of remedies is applicable only where a party has elected between inconsistent remedies for the same injury or cause of action.  Familiar instances of this doctrine are where a party waives a tort and sues in assumpsit, or where he elects to sue in replevin for property unlawfully taken in preference to bringing a suit for money damages for the unlawful taking, or where a party elects to affirm a contract and sue for a breach thereof rather than to sue for a rescission of the contract, etc.  The doctrine does not apply to concurrent remedies that are not inconsistent with each other and has no application to an election between suits based upon different statutes.  Where one has a right of action at common law and also under the statute for the same injury, the bringing of either of said suits is not a bar to the other, and particularly where no recovery has been had under the one or the other.  Apparently in this case the administratrix supposed she had a right of action under the Federal Employers' Liability act and brought suit under that statute.  By the judgment of the court in that case it was determined that she had no such right of action. She then brought her action for compensation under the State law.  A suit under a State law and a judgment therein against the plaintiff are no bar to a suit for the same

injury under the Federal Employers' Liability act, where it appears that there could be no recovery under the State law for the injury. (*Troxell* v. *Delaware, Lackawanna and Western Railroad Co.* 33 Sup. Ct. Rep. 274.) The converse of that proposition is equally true,—*i. e.*, that a judgment against plaintiff in a suit brought under the Federal Employers' Liability act is no bar to an action under a State law for the same injury, where it is determined that the party injured was not engaged or employed in inter-State commerce at the time of the injury.

It is argued by plaintiff in error that notwithstanding the fact that the circuit court by its judgment on the demurrer determined that the deceased was not engaged in inter-State commerce and for that reason gave judgment on demurrer, the judgment of the court in that case does not estop plaintiff in error to contend in this proceeding that the deceased was, in fact, engaged in inter-State commerce. The court by its judgment in that case determined one question of fact that necessarily defeated the administratrix in that suit,—*i. e.*, that the deceased was not engaged in inter-State commerce, and for that reason she could not maintain her suit under the Federal Employers' Liability act. That judgment completely estops plaintiff in error, as well as the administratrix, from contending in any other suit between the same parties that the deceased was injured while employed by the plaintiff in error in inter-State commerce. A judgment on demurrer is equally conclusive by way of estoppel as a verdict finding the same facts followed by a judgment on the verdict, and the facts thus established cannot afterwards be contested between the same parties where the fact is an ultimate fact determining the question of liability. (*Nispel* v. *Laparle,* 74 Ill. 306.) The public announcement or reason of the court or judge may be proved by parol evidence in order to determine what issues were definitely passed upon and decided. (2 Van-Fleet on Former Adjudication, sec. 421.) The declaration

to which the demurrer was interposed stated fully and particularly all the facts in detail, both in regard to the employment of the deceased and as to all of his acts that led up to his death and what he was doing at the precise moment he was killed.

Plaintiff in error argues that the test question in determining whether or not a personal injury to an employee of a railroad company is within the purview of the Federal Employers' Liability act is, what is its effect upon inter-State commerce? Does it have the effect to hinder, delay or interfere with such commerce? It is then stated by him that if the precise act in which the deceased is engaged at the time of his death did have the effect to hinder, delay or interfere with such commerce the personal injury to the deceased is within the purview of the act. Our attention is then called to the fact that the deceased, at the precise moment he was hit by the train, was engaged in an attempt at removing the speeder, which was then an obstruction to such commerce, and that therefore he was engaged in an act that brought his injury within the purview of the said act, and that the judgment of the circuit court on the demurrer does not estop plaintiff in error from contending that that fact brought the deceased within the purview of the act. It is a sufficient answer to this contention to refer to section 1 of the Federal Employers' Liability act, which provides that every common carrier by railroad, while engaged in commerce between any of the several States, shall be liable in damages to any person suffering injury "while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative," etc. It is the employment that determines whether or not the injury to the employee is within the purview of that act, and not the act of the employee just at the time of his injury. The employment of the deceased was in painting, as already set forth in this opinion, and

not in removing the speeder or an obstruction from in front of said train.

It is finally argued that the Workmen's Compensation act is unconstitutional. The constitutionality of the act is no longer an open question in this State so far as the particular grounds urged by plaintiff in error are concerned. This court has sustained the validity of the act in the recent case of *Chicago Railways Co.* v. *Industrial Board,* 276 Ill. 112, in which the same objections were raised and argued as are raised and argued in this case.

The court properly quashed the writ of *certiorari* and sustained the award of the Industrial Board. The judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*