JANICE L. ALTOM, Plaintiff-Appellant, *v.* TRACY HAWES *et al.*, Defendants-Appellees.

Fifth District   No. 77-360

Opinion filed August 14, 1978.

James E. Ligman, of Meyer & Kaucher, of Belleville, for appellant.

Richard A. Cary, of Wham & Wham, of Centralia, for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

Plaintiff, Janice Altom, filed a suit in replevin against defendants, Tracy and Shirley Hawes, to recover certain household furniture. A hearing was held pursuant to section 4(c) of "An Act to revise the law in relation to replevin" (Ill. Rev. Stat. 1975, ch. 119, par. 4c), at which the court ruled that the plaintiff had established a *prima facie* showing of a superior right to the property and had demonstrated the probability that she would ultimately prevail on the issues. Defendants then filed a motion for summary judgment which was granted and judgment was entered in favor of defendants. Plaintiff's motion to vacate summary judgment was denied as was her subsequent motion to amend the pleadings pursuant to section 28 of "An Act to revise the law in relation to replevin" (Ill. Rev. Stat. 1975, ch. 119, par. 28). Plaintiff then brought this appeal.

The evidence adduced at the section 4c hearing revealed that on or about February 10, 1976, the plaintiff, Janice Altom, and her then husband, Melvin Altom, entered into a separation agreement which provided that Janice Altom was to have exclusive possession of the marital home and of the household furniture and furnishings, except such items as the parties might agree would be Melvin Altom's. On March 7, 1976, Melvin Altom called Tracy Hawes, a longtime friend, and asked if he wanted to buy some furniture. Tracy Hawes went to the marital residence where he found Melvin Altom and Melvin's brother. He chose several items of furniture, agreed to pay the asking price of $1,500 and took the items away that same afternoon. Mr. Altom gave him a bill of sale. Tracy Hawes was aware that Mr. and Mrs. Altom were having marital difficulties but was not aware of the separation agreement.

Sometime prior to the divorce proceeding plaintiff and Tracy Hawes

met and talked about the furniture. Plaintiff was aware that the Haweses had possession of the furniture and that they had paid $1,500 to Melvin Altom. No demand for return of the furniture was made at that time by the plaintiff.

On March 18, the plaintiff filed a complaint for divorce. A default hearing was held and a decree was entered on May 6, 1976. The decree recited that Melvin Altom had appropriated and sold certain household furniture belonging to Janice Altom in violation of the separation agreement of the value of $1,500 and judgment was entered against Melvin Altom in that amount.

Approximately one month after the entry of the decree of divorce Janice Altom filed her complaint in replevin against the Haweses.

Defendants contend that the granting of the motion for summary judgment was proper in that the plaintiff has elected her remedy in choosing to pursue her claim against Melvin Altom to judgment and may not seek a double recovery by now proceeding against them in replevin. The plaintiff counters that the judgment against Melvin Altom is unsatisfied and further that the doctrine of election of remedies does not apply as the prior judgment and the instant replevin action are not inconsistent remedies. Plaintiff also contends that summary judgment for defendants was improper where the court had initially found that plaintiff had established a *prima facie* case and demonstrated a probability that she would ultimately prevail on the claim to possession.

Plaintiff's arguments on the issue of election of remedies are two. First, the remedies sought must be inconsistent in order for the doctrine to apply and second, that in order to act as a bar to a subsequent suit the prior suit must be pursued not only to the rendering of a judgment but to full satisfaction of the judgment.

The doctrine of election of remedies has proved to be confusing and difficult of application, no less so to the courts of Illinois than to the courts of other States. Simply stated, an election of remedies is the adoption of one of two or more coexisting remedies, with the effect of precluding a resort to the others. 28 C.J.S. *Election of Remedies* §1 (1941).

Generally speaking, the preclusion from resort to other remedies occurs only if the remedies are inconsistent.

> "If coexistent remedies are consistent with each other, a party may adopt all or select any one which he thinks best suited to the end sought, and only the satisfaction of the claim in one case constitutes a bar of the other. [Citations.]
>
>                * * *
>
> For one proceeding to be a bar to another, the remedies must proceed from opposite and irreconcilable claims of right and must

be so inconsistent that a party could not logically assume to follow one without renouncing the other. [Citation.]" *Fleming v. Dillon,* 370 Ill. 325, 331-32, 18 N.E.2d 910, 913.

There is little question here that the remedies pursued by the plaintiff are inconsistent. She initially obtained a judgment for damages against her husband for a tortious sale of her furniture, a judgment that presupposes plaintiff's affirmance of the sale. By this later action of replevin she seeks a return of the furniture, an action in which she necessarily disaffirms the sale. It is this circumstance of inconsistency of remedies that prompted the defendant to advance the election of remedies argument and seek summary judgment.

Although we do not cite them here, many cases can be found which would sustain the granting of summary judgment upon these facts. Too, logic would repel the notion that a litigant could on the one hand say the sale was good but on the other say it was bad.

■■ Research has disclosed to us, however, that the courts of Illinois, as well as those of other jurisdictions, have ameliorated the harsh results that have often flowed from a strict application of the election of remedies doctrine. Rather than follow a literal application of the rule, an approach has been derived whereby courts endeavor to determine not whether by the nature of the remedies invoked they are inconsistent, but whether the party should be estopped to bring the second action. We think the policy is best expressed by Professor Corbin in volume 5A of his treatise on Contracts §1220 (1964):

> "The view with respect to election of remedies that is now becoming the prevailing one and that ought to be accepted is that, where a party injured by a breach definitely manifests a choice of a remedy that is actually available to him, in the place of some other alternative remedy, such a manifestation will bar an action for the latter remedy, provided that the party against whom the remedy is asked makes a substantial change of position in reliance on the manifestation of intention before notice of its retraction. This makes the conclusiveness of an 'election' depend upon the existence of facts sufficient to create an 'estoppel.' Cases stating this view are now very numerous and hold either that the remedy asked was not barred because there was no basis for an estoppel, or that an election was conclusive only because such a basis had been proved. The mere bringing of a suit asking one remedy rather than another practically never affords ground for an estoppel and is not sufficient reason to deny an application for an alternative remedy."

As authority for his evaluation and statement Professor Corbin cites five Illinois cases: *Jackson v. Industrial Board,* 280 Ill. 526, 117 N.E. 705; *First*

*National Bank v. George R. Barse Live Stock Commission Co.*, 198 Ill. 232, 64 N.E. 1097; *Stier v. Harms*, 154 Ill. 476, 40 N.E. 296; *Gibbs v. Jones*, 46 Ill. 319; *Merle & Heaney Manufacturing Co. v. Hicks*, 178 Ill. App. 406.

■■ Of the same import as Professor Corbin's statement is section 381 of the Restatement of Contracts (1935). Comment b of that section states:

"b. A mere manifestation of intention to pursue one remedy rather than the other is not an irrevocable election; but it becomes such as soon as the other party has materially changed his position in reasonable reliance thereon. The bringing of a suit for one remedy is a manifestation of choice of that remedy; but it does not preclude the plaintiff from seeking the other remedy instead, if he has a reasonable ground for so doing, so long as the defendant has not so altered his position as to make it unjust to permit the change."

■■ This court has heretofore signified its adoption of the estoppel basis for an election of remedies defense in *Faber, Coe & Gregg, Inc. v. First National Bank*, 107 Ill. App. 2d 204, 211, 246 N.E.2d 96, where it was stated:

"From our review of the authorities we believe the Illinois cases to be in agreement with the United States Court of Appeals for the Seventh Circuit, who said in National Lock Co. v. Hogland, 101 F2d 576, at page 587, and in Federal Savings & Loan Ins. Co. v. American Nat. Bank & Trust Co. of Chicago, 392 F2d 906 at page 912:

'The formal doctrine of election of remedies by judicial decision has been confined gradually to its true remedial purpose as a doctrine of substance; and as stated by an eminent authority on trusts and trustees, should be confined to cases "where (1) double compensation of the plaintiff is threatened or (2) the defendant has actually been misled by the plaintiff's conduct or (3) res adjudicata can be applied." Bogert, Trusts and Trustees, 1935 Vol IV, §946.'

The record reveals no threat of double recovery by plaintiff, no evidence that defendant was in any manner misled by plaintiff's conduct in filing Count II in its Florida suit, and no basis for application of res judicata. We hold, therefore, that under Illinois law there was no election of remedies which would bar plaintiff's recovery in this action."

■■ In the case under consideration there is no threat of double recovery (plaintiff's judgment for damages against her husband has not been collectible and, in fact, appears uncollectible), defendant was not misled and did not change his position by reason of plaintiff's action for damages against her husband so that he would suffer some prejudice thereby, and

there is nothing about the action for damages that would serve to bar the subsequent action by reason of *res judicata* or collateral estoppel.

For the foregoing reasons, the summary judgment rendered in defendant's behalf is reversed and this cause remanded for trial on the replevin issue.

Reversed and remanded.

G. J. MORAN and WINELAND, JJ., concur.