*Decree affirmed.*

---

(No. 15360.—Reversed and remanded.)
BOLESLAW LIDIKEVICZ, Appellee, *vs.* WOJCIECH KOPALA *et al.* Appellants.

*Opinion filed February 17, 1925.*

1. SPECIFIC PERFORMANCE—*when contract may be reformed and enforced at suit of purchaser.* Where a contract for a conveyance requires the purchaser to take the property subject to certain incumbrances but the scrivener by mistake inserts the entire purchase price as the consideration required to be paid by the purchaser before receiving a deed the contract may be reformed, and the purchaser will be entitled to his deed where he tenders cash for the price above the incumbrances and shows that he is ready, able and willing to perform his part of the contract, but the vendor is entitled to be reimbursed any sums paid on principal or interest on the incumbrances after making the contract.

2. SAME—*when decree should provide for reimbursement before compelling vendor to make deed—accounting.* In a suit by a purchaser for specific performance of a contract for a conveyance the decree should not require the vendor to make a deed without providing that he be reimbursed for necessary and reasonable repairs and improvements made on the premises after the contract was signed, and where the contract provides that the purchaser shall pay special assessments falling due after a certain year, that

the general taxes for the year in which the contract was signed shall be prorated, and that the purchaser shall be entitled to the rents from the date of the deed, the decree should provide for an accounting of rents received after the date the deed should have been delivered, allowing the vendor credits for payments of assessments and taxes and for insurance premiums where the purchaser received the benefit of the same.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

HUGH A. CAPERTON, (A. J. W. APPELL, of counsel,) for appellants.

STEDMAN, KESLER & DINGLE, for appellee.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

Boleslaw Lidikevicz, appellee, filed his bill in the superior court of Cook county against Wojciech Kopala and Katarzyna Kopala, his wife, for the reformation of a written contract by which the defendants agreed to sell and the complainant agreed to purchase certain premises therein described, located in Chicago, and for the specific performance of the contract as reformed. The defendants answered the bill and in substance alleged that the contract as written properly and correctly set forth the agreement of the parties, and that they had at all times been ready and willing to convey the premises to appellee pursuant to the provisions of the contract. They denied that appellee was entitled to any reformation of the contract. The cause was referred to a master in chancery, who took and reported the evidence with his conclusions thereon. The court approved the master's report and decreed that the contract be reformed as prayed, and as reformed that the same be specifically performed by appellants delivering a deed to appellee upon tender and delivery by him to them of $5378.60, subject to deductions therein for rents. The master was

then "authorized to take proof to ascertain the amounts of rents so collected, should the same be necessary in his judgment," and appellants were decreed to pay the rents collected by them from and including October, 1921, up to the delivery of the deed. The court had already found and decreed that appellee was entitled to rents from May to September, 1921, both months inclusive. The court further decreed that in case appellants failed to execute the deed to appellee the master in chancery should execute such deed. The defendants have prosecuted this appeal to review the decree of the court.

By the terms of the contract appellee agreed to purchase the property for $13,500 and appellants agreed to convey to him a good and merchantable title to the same by warranty deed, subject to (1) existing leases, expiring monthly, the purchaser to be entitled to the rents from the date of the deed; (2) to all taxes and assessments levied after the year 1920, the taxes for 1921 to be prorated to date of the deed; (3) to unpaid special taxes or special assessments levied for improvements not yet completed, and to unpaid installments of special assessments falling due after 1920, levied for improvements completed; to any party wall agreements of record, building line restrictions and building restrictions then of record; to an encumbrance of $5500 due August 24, 1921, and to an encumbrance of $1950 payable in installments of $50 per month. Premiums on insurance policies held by mortgagees were to be paid by appellee *pro rata* for the unexpired time. The contract recited that the purchaser had paid $100 as earnest money, to be applied on such purchase when consummated, and that he agreed to pay, within five days after the title had been examined and found good or accepted by him, the insurance premiums and the further sum of $13,400, provided a good and sufficient warranty deed conveying a good and merchantable title should be ready for delivery. A certificate of title issued by the registrar of titles of Cook

county, or a complete merchantable abstract of title brought down to date, or a merchantable title guaranty policy, was to be furnished by appellants within a reasonable time. If an abstract was delivered appellee was within ten days after receiving the same to deliver to the vendor or his agent a note or memorandum signed by him or his attorney specifying any objections he might make to the title, if any, or if none, then stating, in substance, that the same is satisfactory. Any defects in title were to be cured within sixty days after notice, and if not, the contract was to be void at the purchaser's option. Should the purchaser fail to perform his contract the earnest money paid should at the option of the vendors be retained as liquidated damages and the contract become null and void. Time was made the essence of the contract and of all the conditions of the contract.

The facts established by the proofs are in substance the following: Z. H. Kadow, an attorney, drafted the contract, and his services were paid for by appellee and appellants, each paying an equal amount. Upon the execution of the contract $100 was paid to appellants as earnest money, which has never been returned to appellee. Appellants did not at any time after the contract was executed furnish to appellee either a certificate of title, abstract of title or guaranty policy of title, as required by the contract, which was dated April 14, 1921. Appellants refused absolutely on April 28, 1921, to perform the contract, and stated to appellee that they had been offered more money for the property and that they were intending to open a store in the premises. When appellee received this information he was accompanied by his attorney, and he notified appellants that he had come to see about closing the deal, and received the answer aforesaid and had received the same answer the day before, April 27. Appellee was at that time prepared to close the deal. He had arranged to borrow $9000 from a building and loan association and had

in addition thereto $4500 in money. His arrangement was to pay off the mortgages on the premises and pay the remainder in cash to appellants with the money he had and was to get from the building and loan association. On May 16, 1921, the attorney for the building and loan association and for appellee made a demand upon appellants for an abstract or guaranty policy, and at the same time informed them that he had recorded a copy of the contract, together with an affidavit attached thereto and the receipt of the earnest money and had placed a mortgage to the building and loan association on record, signed by appellee and his wife. He at the same time notified them that if they failed to comply with his demand within a week from the date of the demand specific performance proceedings would be instituted against them to enforce the contract. The building and loan association finally got hold of an abstract of title to the premises in the hands of one of the mortgagees and appellee had it brought down to date, and appellee paid the fee of $21 for having the abstract extended. The bill in this case was, in fact, filed May 21, 1921, after appellee had been unable to induce appellants to carry out their part of the contract. The evidence conclusively shows that the full amount appellee was to pay for the premises was $13,500; that the amounts of the two notes and mortgages were to be deducted from the amount of the purchase price; that appellee was to pay the remainder to appellants in cash and then accept a deed to the premises subject to the two mortgages and to all other matters stated in the contract and above related; that by mistake of the scrivener the contract did not correctly state the consideration as aforesaid, but stated, in effect, that appellee was to pay $13,500 and accept a deed subject to all the conditions, including the two mortgages.

The court properly held and decreed that appellee was entitled to have the contract reformed and performed by appellants as reformed, as the evidence showed that appel-

lee was ready, able and willing to perform his part of the contract on or before May 1, 1921, and had offered to do so and been refused by appellants. The court, however, erred in its findings as to the amount due appellants and which should be paid by appellee before receiving a deed to the premises. The evidence shows that after the contract was signed, and before November, 1921, appellants made contracts for repairing and improving the premises, for painting $250, for decorating $323 and for plumbing $490, amounting to $1063, and that they paid to the parties making such repairs and improvements the total sum of $960. It is not equitable for appellee to have the benefit of such repairs and improvements without paying for the same, as there is no contention that the amounts paid for the same are unreasonable. The court only allowed $430 for the amount paid out for the improvements. Appellants also paid out for an insurance policy the sum of $99, insuring the premises for five years, beginning with October 1, 1921, for which they are entitled to remuneration if the evidence should show that appellee may have the benefit by assignment of the policy for the unexpired term of the insurance. Appellants were also entitled to be paid, under the terms of the contract, appellee's *pro rata* part of the old insurance policy from the first of May, 1921, to October 1, 1921, when the policy expired. Appellee should have been decreed to pay appellants his *pro rata* part of the taxes for 1921, or two-thirds of the general taxes, and all of the special taxes and special assessments paid by appellants after 1920, as provided by the contract.

It is apparent from a reading of the contract that appellee was entitled to have deducted from the $13,500 he was to pay for the premises, the total principal and interest due on both mortgages mentioned in the contract up to the time he was entitled to a deed, and that appellants were entitled to the remainder thereof in cash. This is so because the net cost of the premises to appellee was to be

$13,500. It is also true that appellee was to pay the principal of the two mortgages and the interest accrued thereon at the time he was entitled to a deed, and also all subsequently accruing interest, for the same reason. Therefore the appellants were entitled to be paid by appellee all sums for either principal or interest on the mortgages paid by them at any time after making the contract. The court properly held that appellee is entitled to all rents on the premises paid to appellants from and after May 1, 1921, the time at which appellee would have received his deed if appellants had performed the contract as they agreed to do. Appellee is also entitled to be paid by appellants the further sum of $21 paid out for the abstract, which ought to have been extended and paid for by them.

We have examined all the contentions of appellants on this appeal and find no merit in them except as to the errors in accounting regarding the amount due appellants, which we have already noted. It is not possible for this court to know what part, if any, of the two mortgages will remain unpaid by appellants after this cause is remanded. The court, on remandment, should order an accounting to find the amount due the appellants from appellee at the time of such accounting, which is to be made in accordance with the views herein expressed, and enter a decree that appellee pay such amount within a reasonable time to be fixed by the court, and that appellants make to him a deed for the premises on payment of such sum within the time fixed, and in default thereof that the master in chancery execute a deed to him.

For the errors indicated the decree is reversed and the cause is remanded, with directions as aforesaid.

*Reversed and remanded, with directions.*