GRANDVIEW DEVELOPMENT CO., INC., *et al.*, Plaintiffs-Appellants, *v.* FINLEY ENTERPRISES, INC., Defendant-Appellee.

Third District   No. 76-86

Opinion filed March 18, 1977.—Rehearing denied April 25, 1977.

Lawrence Gray, of Thomas, Wallace, Feehan & Baron, Ltd., of Joliet, for appellants.

Fred Weiszmann, of Northbrook, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:
Plaintiffs Grandview Development Co., Inc., and Paul Fager appeal from an order of the Circuit Court of Will County, entered on October 10,

1975, in an equity action which was instituted to compel specific performance of a written contract for sale of real estate. The order appealed from required that plaintiffs pay defendant Finley Enterprises, Inc., the vendors under the real estate agreement, the sum of $37,154.64 as interest and the sum of $8,611.28 for tax payments and maintenance expenses incurred by defendant, and the sum of $762.75 as interest on the tax payments and maintenance expense. The further condition was made in such order that if the payments were not made, plaintiffs would be declared in default on the contract and the contract would be declared null and void.

An understanding of the nature of the proceedings requires a review of the facts as presented in the record. It appears that on October 29, 1969, plaintiffs and defendant entered into a contract for sale of real estate which provided that on or before February 15, 1970, the plaintiffs would purchase any two lots in Sugar Creek Highlands, a unit of real estate owned by defendant, and, also, provided that plaintiffs would, each month thereafter, purchase two or more lots in the same unit as defendant's property. The contract provided that, for each lot purchased, plaintiffs would pay to defendants the sum of $4,000 as the purchase price for the lot and the sum of $500 as security for plaintiffs' further performance under the contract. There was also a provision for a sum to be paid as a tap-on fee for sewer and water lines. There was further provision that after all lots in Sugar Creek Highlands had been purchased by plaintiffs, the contract provided that plaintiffs would purchase an additional 39 lots, comprising approximately 23.5 acres lying to the east of Sugar Creek Highlands. The sums paid by plaintiffs as security, accompanying the purchase of lots in Sugar Creek Highlands, were to be applied to the purchase price of that property. The contract also provided that time was of the essence of the agreement, and that in the event of a default by plaintiffs, all security deposits would be forfeited to defendant. There was also specific provision that defendant would deliver warranty deeds to plaintiffs for each lot when and as purchased.

By an amendment to the contract, on January 2, 1970, it was provided that plaintiffs could defer the purchase dates of any lot, required under the contract to be purchased in 1970 or 1971, by paying certain sums to defendant. It also provided that plaintiffs would take over and be responsible for the maintenance of the subdivision as of January 2, 1970. There were no provisions in either the original agreement or the amendment with respect to interest charges or rates.

On February 15, 1971, plaintiffs made payment under the contract in the amount of $10,300 for the purchase of two lots, and defendant delivered to plaintiffs deeds for those two lots. Each month thereafter, to

and including June of 1971, the same procedure was followed. Although defendant accepted plaintiffs' tender of $10,300 in July 1971, defendant did not deliver the deeds to such lots covered by this payment.

By correspondence dated June 22, 1971, defendant notified plaintiffs that defendant elected to rescind, and declare null and void, the contract, for the alleged reasons that plaintiffs had been late in making payments and had failed to properly maintain the premises. This notice additionally (1) declared that all security deposits made by plaintiffs were forfeited as liquidated damages, (2) demanded payment of various additional sums to be paid by plaintiffs and (3) demanded that plaintiffs remove themselves from any of the properties not previously conveyed to plaintiffs.

On August 15, 1971, plaintiffs tendered payment for the month of August and defendant rejected such tender. Subsequently, and until November 1, 1971, negotiations were held in attempts to resolve the controversy between the parties. On November 3, 1971, plaintiffs filed a complaint for specific performance and declaratory judgment, and requested that the contract be declared in full force and effect and that defendant be ordered to perform the contract. Defendant filed an affirmative defense to the complaint, alleging that plaintiffs had materially breached the contract and also filed a motion for summary judgment, but apparently no action was taken on such motions.

On October 3, 1974, defendant filed an amended answer and countercomplaint, which apparently waived all previously alleged defaults of plaintiffs on the contract. The countercomplaint requested that the trial court order defendant to convey the property in question to plaintiffs, provided that plaintiffs first pay to defendant the sum of $244,647.39, which was the sum of the amounts which had come due to defendants under the contract, plus expenses incurred by defendant for maintenance and taxes and, also, plus interest at the rate of 5% per annum from the date the amounts became due or were incurred by defendant. On October 16, 1974, plaintiffs filed an answer to the countercomplaint denying that defendant was entitled to the sums due on the contract during the period of dispute and stated that the contract should be reinstated on a monthly basis, with the first payment being due on the 1st day of the month directed by the court, with subsequent payments following on the 1st day of each month thereafter. In support of this position, plaintiffs also filed a motion for judgment on the pleadings, on November 20, 1974, and requested that the court reinstate the contract on a monthly payment basis.

After the filing of various additional pleadings, the trial court entered a judgment order in the cause on October 10, 1975, to which we have referred. The court found that defendant had waived the alleged defaults

of plaintiffs and had withdrawn its purported rescission of the contract and, also, that the controversy between the parties, although conducted in good faith by both parties, had created an equitable hardship on plaintiffs insofar as plaintiffs might be required to pay the balance of the purchase price at one time rather than in monthly installments. The trial court ordered that the contract between the parties was to remain in full force and effect and that the times of payment therein provided be extended for a period of 50 months, the time of the controversy, with interest on payments at 5% per annum from October 1, 1975, to be paid. The court's order further provided that defendant should have judgment as against plaintiffs, as we have noted, in the total sum of $46,528.67, which was principally the amount of interest due at 5% per annum on all payments required under the contract from the date due until October 1, 1975, and the amount expended as tax payments and maintenance by defendant during the controversy, together with interest on these tax payments and advances from the date paid until October 1, 1975. The court also ordered that the payment of the $46,528.67 judgment by plaintiffs was a condition precedent to defendant's continued performance under the contract.

On November 25, 1975, plaintiffs filed a notice of appeal from the trial court's order of October 10, 1975. The trial court thereafter, on December 19, 1975, entered an order finding that plaintiffs were in default in payments ordered to be made in the order of October 10, 1975, and, also, ordered therein that the contract of October 29, 1969, between the parties be null and void and of no effect.

On October 23, 1975, plaintiff Grandview had filed a motion for rehearing of the order of October 10, 1975, and therein requested that the trial court revise its order so as to condition the reinstatement of the contract upon the payment, by plaintiffs, to defendant of the sum of $46,528.67, and to delete from the order of October 10, 1975, the portion for judgment against plaintiffs for any sum whatsoever. This petition for rehearing was not granted. The sole issue presented for review on this appeal, as framed by plaintiff, is "whether the trial court's entry of judgment against the plaintiffs for $46,528.67 and refusal to modify or delete the same was supported by the evidence and law."

The sum entered as judgment against plaintiffs consisted principally of interest computed at the rate of 5% per annum on payments from the so-called due date and under the contract from October 1, 1975, and was in the sum of $37,154.64, which the court found that defendant was equitably entitled to. The balance of the amount included in the judgment was for $8,611.28 for tax payments and maintenance of the subdivision during the pendency of the action and interest on said amounts paid to October 2, 1975.

In considering the interest issue, the parties have referred to the provisions of the Interest Act in this State (Ill. Rev. Stat. 1975, ch. 74, par. 2), which provides:

"Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing; on money lent or advanced for the use of another; on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance; on money received to the use of another and retained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay of payment."

The Illinois Appellate Court considered this statute in *St. Joseph Hospital v. Corbetta Construction Co.* (1st Dist. 1974), 21 Ill. App. 3d 925, 316 N.E.2d 51, where the court stated (at pages 967-68), that another Illinois Appellate Court in *Watson Lumber Co. v. Guennewig* (1967), 79 Ill. App. 2d 377, 266 N.E.2d 270, reversed a judgment awarding interest under a written building contract and remanded the case for a new trial and stated "Interest should not be found on what is found to be due." The court stated:

" 'The interest awarded as part of the judgment which the trial judge describes as 5% interest on the contract balance for 2 years, that being the period since the last payment, seems to us to be without foundation in our interest statute, and the cases construing it. [Citation.] This statute, by its terms, limits the award of interest on contracts for money that is due. [Citation.] Interest is not awarded on money that may be found due, if the person withholding payment has done so in good faith, because of a genuine and reasonable dispute. In other words, interest would be a proper element of recovery only if it could be said relationship of debtor and creditor existed between the parties. *Mariner v. Gilchrist*, 280 Ill. 544, 117 N.E. 695.

\* \* \* It has been held error to allow interest on an amount due when, as here, that amount depends largely upon the construction placed upon the terms of a contract, and upon questions of fact about which there is room for a difference of opinion. \* \* \* The dispute here was genuine, substantial, and we believe in good faith on the part of both parties; there was nothing unreasonable or vexatious about defendant's delay in paying. \* \* \*' "

Defendant has sought to distinguish the *Watson* case referred to by citing this court's decision in *William Aupperle & Sons v. American National Bank & Trust Co.* (3d Dist. 1975), 28 Ill. App. 3d 573, 329 N.E.2d 458. We distinguished *Watson* in that case by pointing out that the *Watson*

suit involved a construction contract for money judgment, and not to foreclose a mechanic's lien. Since the defendant's interest award in the case now under consideration was granted under the Interest Act and not under the Mechanic's Lien Act, *Aupperle* cannot support defendant's position. Defendant also seeks to justify the interest award under a line of cases culminating in *John Kubinski & Sons v. Dockside Development Corp.* (1st Dist. 1975), 33 Ill. App. 3d 1015, 339 N.E.2d 529. There the appellate court, after citing the Interest Act of this State, held that the contract was breached on December 18 and that the plaintiff was, therefore, entitled to interest from that date. We note, however, that the *Kubinski* holding is distinguishable in that in *Kubinski* the party from whom interest was sought wilfully prevented the completion of the contract whereas in the instant case the parties seeking interest refused to proceed with the contract and, also, that in *Kubinski* a liquidated amount was due, not dependent upon further performance by the party to whom it was owed. In the instant case, an amount which was arguably but not clearly liquidated was owed, but was dependent upon further performance by the party to whom it was owed. While the cases may show some confusion, it appears that the rule with respect to allowance of interest has been applied only in situations in which a liquidated sum was due unilaterally and not conditioned on further performance by the creditor.

■■ We conclude, therefore, that the better-reasoned precedent to be applied in the case under consideration is that of the *Watson* and *St. Joseph* cases to which we have referred and that under the facts under consideration now, interest should not be allowed to defendant if the dispute between the parties was genuine, substantial and in good faith. The trial court found, and we agree with that finding, that the controversy was conducted in good faith by both parties. The dispute, concerning the performance by both parties under the contract, was obviously substantial. The fact, as found by the trial court, that defendant waived the alleged defaults of plaintiffs and withdrew its purported rescission, constitutes defendant's concession that the dispute, in which plaintiffs argued that the contract was still in effect and attempted to perform the contract, was genuine on the part of plaintiffs. We, therefore, conclude that it was not a proper exercise of equitable discretion for the court to allow interest to the defendant, as was done in the order of October 10, 1975.

We note that the interest statute imputes interest on amounts *due*. As we construe the contract of October 29, 1969, as amended January 2, 1970, defendant's duty to deliver warranty deeds each month is conditioned on plaintiffs making the required monthly payments under the contract, and plaintiffs' duty to tender the required monthly payments is predicated on

delivery by defendant of the warranty deeds for which such payments are made. (See *Swearingen v. Beyer* (1934), 275 Ill. App. 152, 157.) We conclude that the defendant's failure to deliver warranty deeds for the payment made by plaintiffs in July of 1971, seems to have been based upon the contention that the contract was rescinded by defendant and August tender refused. Therefore, the August tender stood good as between the parties as to the amount owing at that time ($10,300) and thereafter since no further amounts became due until the tender was accepted. It seems under such conditions that during the period of dispute there were no sums due from plaintiffs to defendant under the terms of the contract.

■■ Defendant also argues that the interest award could be justified as an exercise of the trial court's equitable powers and cites in support of this contention, *Jackson v. Jackson* (1951), 343 Ill. App. 31, where the court stated, not in reference to the interest statute (at page 60):

> "A court of equity has broad discretion in the matter of interest. [Citations.] 'In equity * * * interest is allowed because of equitable considerations, and is given or withheld as under all the circumstances of the case seems equitable and just.' "

We agree the delay in performance of the contract for more than 50 months has certainly caused hardships to defendant as it has to plaintiffs. We conclude, however, that where, as here, defendant has refused to perform the contract and has subsequently waived the alleged defaults on the part of plaintiffs, the allowance of an award of interest to defendant is not an exercise of equitable discretion. Plaintiffs' motion which asked the court to revise its order so that payment of the $46,528.67 would be a condition for reinstatement of the contract and not a judgment as against the plaintiffs, seems to be more consistent with the equities of the parties in this case. We believe that such motion should have been granted.

Defendant contends that the allowance of the amounts expended for taxes and maintenance expense was proper and cites in support of such conclusion the case of *Lidikevicz v. Kopala* (1925), 315 Ill. 404, 146 N.E. 461. In that case plaintiffs and defendants entered into an agreement for sale of real estate. Defendant as seller refused to perform and plaintiff brought an action for reformation and specific performance. The trial court therein allowed reformation and ordered specific performance and the Illinois Supreme Court in that case concluded that the trial court erred in finding that it was not equitable for the appellee to have the benefit of the repairs and improvements made by the appellant without paying for the same and directed that appellee be decreed to pay the appellant his pro rata part of the taxes to the time of delivery of the deed. The supreme court in *Krabbenhoft v. Gossau* (1929), 337 Ill. 396, distinguished the *Lidikevicz* case and pointed out that in that case the property was

improved and the decree held that the vendees were entitled to all rents from the date of the deed that would have been received had the vendors lived up to their part of the contract. Receiving the benefits there was manifestly equitable and the vendees assumed the burden. The court pointed out that in the *Krabbenhoft* case, the vendees received nothing by way of benefits and that during all that time, appellants had title to and possession of the premises and stated (at page 412):

"It would be a strange doctrine which would compel a court of chancery to hold that parties kept out of title and possession by the vendors' default must yet assume the vendors' obligations during such period."

■■ It, therefore, strikes us as being equitable to find that if the plaintiffs in the instant case were to have proceeded with performance of the contract, then the requirement that plaintiffs pay the amount of such taxes and maintenance and interest would be an appropriate equitable order. Under the facts in the case as now presented to us, however, we do not believe that entering a judgment for such sum is a proper exercise of equitable discretion. As we have noted, in this case, the trial court on December 19, 1975, ordered that the contract between the parties be declared null and void and that the claims of plaintiffs in and to any of the real estate described in the contract which had not previously been conveyed to plaintiffs, are without any right whatsoever. We note, also, that plaintiffs do not appeal from such order of December 19, 1975, and that the sole issue which remains is the propriety of the entry of judgment under the order of October 10, 1975.

For the reasons recited in this opinion, that portion of the order of October 10, 1975, finding defendant entitled to payment from plaintiffs and directing entry of judgment in the sum of $46,528.67 is reversed and said judgment is vacated. The judgment as against plaintiffs in the sum of $46,528.67 is, accordingly, vacated.

Reversed.

STENGEL and BARRY, JJ., concur.