ROTOGRAVURE SERVICE, INC., Plaintiff-Appellant, *v.* R. W.
BORROWDALE COMPANY *et al.*, Defendants-Appellees.—(R. W.
BORROWDALE COMPANY, Plaintiff, *v.* INROL, INC., *et al.*, Defendants.)

First District (2nd Division)   No. 77-1219

Opinion filed October 9, 1979.

James N. Kosmond and David B. Yavitz, both of Chicago (Boodell, Sears, Sugrue, Giambalvo & Crowley, of counsel), for appellant.

Guy and Rooney, of Chicago, for appellees.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Plaintiff, Rotogravure Service, Inc. (hereinafter Rotogravure), appeals an order of the circuit court of Cook County denying it leave to amend its complaint and granting defendants, R. W. Borrowdale Company and Russell W. Borrowdale, Sr.'s (hereinafter Borrowdale), motion to dismiss its complaint. The sole issue for our review is whether the trial court erred in dismissing the plaintiff's complaint after this court dismissed an appeal involving the same parties and subject matter. See *Rotogravure Service, Inc. v. R. W. Borrowdale Co.* (1975), 36 Ill. App. 3d 606, 344 N.E.2d 554.

This lengthy litigation stems from two actions resulting from an oral agreement whereby Borrowdale allegedly agree to arrange for and finance Rotogravure's purchase of an Acigraf printing system to be imported from Milan, Italy. The Acigraf system was delivered to Rotogravure at its premises located at 1335 West Chicago Avenue, Chicago, Illinois, but, due to difficulties in the performance of the agreement, Borrowdale filed a replevin suit against Rotogravure in the law division of the circuit court of Cook County on November 13, 1967 (67 L 16657).

On December 1, 1967, Rotogravure initiated a suit in the chancery division of the circuit court of Cook County alleging Borrowdale's breach of the oral agreement concerning the Acigraf system (67 CH 6452). In count I of this complaint Rotogravure alleged, *inter alia*, that it (i) incurred expenses for leasehold improvements to accommodate the installation of the system at 1335 West Chicago Avenue, (ii) for sales, advertising, and promotion of the system, (iii) for equipment and machinery purchased to install and operate the Acigraf system, and (iv) that Rotogravure had been and in the future would be unable to fulfill substantial sales orders, causing a loss of profits and good will. [1] Count I of Rotogravure's complaint sought specific performance of the oral agreement and "such other and further relief as equity shall require and to the Court shall deem meet."

In count II of the complaint Rotogravure prayed for $500,000 actual damages and $250,000 punitive damages resulting from the alleged breach of the oral agreement. The alleged actual damages included the expenses for leasehold improvements at 1335 West Chicago Avenue, for sales, advertising, and promotion, and for equipment and machinery in

---

[1] Borrowdale demanded strict proof of the allegations in (i) and denied the other referenced allegations of counts I and II of Rotogravure's complaint. Borrowdale further denied the allegations of the loss of past and future profits and of the cost of contracting work out to others. Counts III and IV of plaintiff's original complaint are not involved in this appeal.

addition to the loss of past and future profits which had also been alleged in count I. Count II further alleged the cost incurred in contracting work out to others to complete orders taken in anticipation of the performance of the agreement and the installation of the Acigraf system.

On December 4, 1967, the replevin action and the chancery suit were consolidated for trial. On the same date, the sheriff served a writ of replevin on Rotogravure, removed the Acigraf system from Rotogravure's place of business at 1335 West Chicago Avenue, and delivered it to Borrowdale.

The judgment order of the consolidated cases entered December 5, 1972, made separate findings of fact for the chancery and replevin actions and divided its ruling accordingly. In Part A of the order concerning the chancery matter, the trial court found that the plaintiff had sustained all the material allegations in count I, specifically found that in 1967 plaintiff had begun making leasehold improvements at 1335 West Chicago Avenue, and found the existence of an oral installment sales contract. However, also in Part A, the court found that Rotogravure had "not sustained the allegations contained in Counts II, III and IV of its complaint" and accordingly entered judgment for Borrowdale on those counts. Part B of the order concerned the replevin suit and ordered Borrowdale to return the Acigraf system to Rotogravure, then located at 4043 North Ravenswood Avenue, Chicago, Illinois, and to pay for the installation of the leasehold improvements necessary for the operation of the system at that location. Paragraph 7 of Part B stated that the court "reserves and retains jurisdiction of this cause and all of the parties hereto for the purpose of entering such other and further orders not inconsistent with the provisions of this Judgment and Decree, and as may be necessary to implement or effectuate the provisions hereof." Rotogravure neither appealed from nor did it file a motion to vacate the portions of the order denying its prayer for the damages alleged in count II of its complaint and entering judgment for Borrowdale thereon.[2]

On March 22, 1973, Rotogravure filed a motion in the trial court for a rule to show cause against Borrowdale for its failure to return and repair the Acigraf printing equipment as required by the decree of specific performance. Borrowdale responded that it was not receiving the needed cooperation of Rotogravure to comply with the decree; that the decree was too vague and uncertain; and that it was awaiting advice from Acigraf as to the possibility of repairing and making the equipment operable. The report of an engineer from Acigraf found that the cost of making the Acigraf system operable would be $297,020, and that the proposed location for the installation of the system at Rotogravure was

---

[2] Borrowdale's appeal from the December 5, 1972, judgment was dismissed due to its failure to prosecute the appeal.

sufficient. During one of the hearings held on plaintiff's motion to show cause, the Honorable James J. Mejda, then sitting in the chancery division of the circuit court, stated, "Mr. Borrowdale may have to respond in money damages in some manner if he can't comply with specific performance, but that's another matter. We are talking now about trying to get the specific performance." During another hearing on this motion the parties stipulated that specific performance was impossible and economically impractical, and the plaintiff withdrew its petition for a rule to show cause.

On August 29, 1974, the Honorable F. Emmett Morrissey, who had assumed the call of Judge Mejda upon the latter's assignment to the appellate court, entered an order finding in part that (1) Borrowdale had failed to specifically perform the contract; (2) that during the seven years that the litigation was pending, the Acigraf system had deteriorated and depreciated in value and usefulness and had become outdated and obsolete; (3) that based on a repair cost of $297,020, specific performance, while technically possible, would be excessively expensive and economically impractical; and (4) that by awarding specific performance sought in count I, the court did not litigate the issues raised by the alternative relief of damages sought in count II of the complaint. Based on these findings, Judge Morrissey ruled that Rotogravure was still entitled to specific performance. However, finding that remedy economically impractical, he vacated the December 5, 1972, judgment for Borrowdale on count II of the plaintiff's complaint for damages and set a hearing to determine what damages Rotogravure had suffered due to Borrowdale's breach of the oral agreement.

While Rotogravure's motion to show cause was still pending, it filed another suit at law seeking damages on the $400,000 replevin bond posted in the original replevin suit (73 L 17809). Count I of that complaint alleged, *inter alia*, that Borrowdale's wrongful replevin had caused great damage to its premises at 1335 West Chicago Avenue, deprived it of the use of the system causing it loss of profits and customers (par. 13), and required it to expend large sums of money for the services of attorneys. Count I sought $400,000 plus costs and other relief that the court deemed just and equitable. Count II of that complaint alleged that Borrowdale's refusal to return and install the equipment caused Rotogravure to lose profits, business, and customers. In that count Rotogravure sought the replacement value of the Acigraf system, praying for judgment for $1,000,000 plus costs and other relief. On June 25, 1976, the Honorable Daniel Coman entered an order granting Borrowdale's motion for summary judgment only as to the allegations of loss of profits and customers contained in paragraph 13 of the complaint on the ground that

the damage issue had been decided adversely to Rotogravure in the prior suit.

Borrowdale appealed Judge Morrissey's order vacating its judgment on count II of the plaintiff's complaint for damages. In granting the plaintiff's motion to dismiss that appeal, this court first noted that the order itself provided that it was not yet final and appealable. Thereafter, we stated:

> "The amount of damages, if any, remains open for determination and the judgment may not be executed until this issue is resolved. The trial court has ordered further hearings to settle the issue of what damages, if any, are owing as a result of Borrowdale's breach. The element of damages is a substantial issue in the controversy which remains to be settled." (*Rotogravure Service*, 36 Ill. App. 3d 606, 609-10.)

Since the cause was being returned to the trial court for further proceedings, we thereafter considered the second issue raised, *i.e.*, whether Judge Morrissey had jurisdiction to vacate the judgment denying the plaintiff's claim for damages when there was no section 72 motion before the court and no appeal had been taken from the judgment in favor of Borrowdale. In finding that he did not, and therefore, that his order was a nullity, we then stated:

> "Since the jurisdiction of the chancery suit was retained, the feasibility of specific performance is still properly before the trial court. However, this retention of jurisdiction only applies to the portions of the judgment requiring implementation. The damage portion of the decree was not open for further orders absent an appeal or section 72 motion to vacate. * * *
>
> Rotogravure contends it is entitled to damages because of the impracticality of requiring specific performance. * * * [T]o require specific performance at this point in time would serve no purpose.
>
> The trial court already ruled (in 1972) that Rotogravure had not sustained its burden of proving the damage allegations contained in the original complaint. * * *
>
> As this cause is being returned to the trial court, the parties will have an opportunity to consider the possibility of amending their pleadings to properly set forth their claims based on existing conditions." *Rotogravure Service*, 36 Ill. App. 3d 606, 611.

Upon remand, Borrowdale filed a motion to dismiss the complaint alleging, *inter alia*, that the final judgment of December 5, 1972, terminated the litigation as to the allegations of damages and operated as a *res judicata* bar to further proceedings on the issues raised by those

allegations. Thereafter, Rotogravure filed a motion for leave to file an amended complaint. The proposed amendment to count I of the original complaint incorporates by reference paragraphs one through 30 of the original complaint, which includes those allegations of damages noted earlier on page 2 of this opinion, again alleges the loss of its leasehold improvements at 1335 West Chicago Avenue, and sets forth the allegations of impracticality of specific performance. Amended count I prays for money damages of $500,000 in lieu of specific performance and "such other and further relief as the Court deems just." Proposed count V alleges that Borrowdale knew that specific performance was impossible prior to the entry of the decree of December 5, 1972, that it induced the plaintiff to rely upon the decree of specific performance so that the plaintiff did not appeal the denial of its damage claim, and, therefore, that Borrowdale had perpetrated a fraud on the plaintiff and the court by withholding material evidence and depriving the plaintiff of the remedy of damages. In proposed count V Rotogravure alleges that it has been wilfully damaged in an amount in excess of $500,000 and prays for $500,000 general damages and $500,000 punitive damages. The trial court entered an order granting Borrowdale's motion to dismiss the complaint in cause 67 CH 6452 for want of equity and denying plaintiff's motion to amend. It is from that order that the plaintiff appeals.

I.

The first question is whether the trial court erred in granting the defendants' motion to dismiss the plaintiff's complaint and in denying plaintiff's motion for leave to amend count I of that complaint. Borrowdale contends that the issue of damages was decided adversely to the plaintiff in the December 5, 1972, judgment for the defendants on count II of the plaintiff's complaint, and, therefore, that further proceedings on the damage issues raised in count I are barred by the doctrine of *res judicata.*

■■ The doctrine of *res judicata* provides that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action. (*People v. Kidd* (1947), 398 Ill. 405, 408, 75 N.E.2d 851.) This doctrine extends not only to what was actually decided in the original action but also to matter which could have been decided in that suit. (*La Salle National Bank v. County Board of School Trustees* (1975), 61 Ill. 2d 524, 529, 337 N.E.2d 19, *cert. denied* (1976), 425 U.S. 936, 48 L. Ed. 2d 177, 96 S. Ct. 1668.) Thus, before an adjudication can stand as a bar to a subsequent action, it must be determined whether the first action resulted in a final judgment on the merits (*People ex rel. Scott v. Chicago*

*Park District* (1976), 66 Ill. 2d 65, 69, 360 N.E.2d 773), and whether both suits presented the same claim, demand, or cause of action (see *Keim v. Kalbfleisch* (1978), 57 Ill. App. 3d 621, 624, 373 N.E.2d 565).

■■■ Where a judgment is rendered in favor of the defendant because the plaintiff seeks a form of remedy which is not available to him, the judgment is not on the merits and the plaintiff is not precluded from subsequently maintaining an action in which he seeks an available remedy. (See Restatement of Judgments, Former Adjudication, §65(2), comment g (1942); 5A Corbin on Contracts, ch. 6, §1225 (1964); Restatement of Contracts §383 (1932); *Fraley v. Boyd* (1967), 83 Ill. App. 2d 98, 102, 226 N.E.2d 81; *Foreman v. Martin* (1975), 26 Ill. App. 3d 1028, 1030, 325 N.E.2d 378.) Thus, the doctrine of *res judicata* is not available as a bar to a subsequent suit if the judgment in the former action was rendered because of a misconception of the remedy available. See *Orminski v. Hyland Electrical Supply Co.* (1945), 326 Ill. App. 392, 396-97, 62 N.E.2d 14.

■■■ Nor is there necessarily an identity of causes of action if a plaintiff seeks a form of remedy which turns out to be unavailable to him. (*Foreman.*) One test for determining the identity of causes of action is whether the same evidence would sustain both actions. (*Keim.*) Although the assertion of different kinds of relief may nevertheless constitute a single cause of action (see *Keim*, 57 Ill. App. 3d 621, 624-25; *Pierog v. H. F. Karl Contractors, Inc.* (1976), 39 Ill. App. 3d 1057, 1061, 351 N.E.2d 249), where one suit is for specific performance and another is for a money judgment, the causes of action are not the same (*In re Estate of Heyder* (1964), 48 Ill. App. 2d 119, 121, 198 N.E.2d 350), since the evidence necessary to sustain specific performance would not be sufficient to sustain an award of damages. Where the parties and the subject matter are the same in both actions but the claim or cause of action is different, the prior decision operates as an estoppel only as to those matters in issue or points controverted and is only conclusive as to those questions actually raised and determined therein. *Foreman.*

The issue of *res judicata* must be pleaded and proved by the party wishing to rely on it, and if there is any question as to what evidence was presented in the earlier case, the burden is on the person relying on the doctrine to establish its applicability. (See *La Salle National Bank v. City of Chicago* (1977), 54 Ill. App. 3d 944, 953-54, 369 N.E.2d 1363.) The statement of the trial court that the plaintiff "has not sustained the allegations contained in Count[s] II" is not necessarily conclusive of that fact and may be found insufficient to evoke estoppel by verdict or *res judicata*. (See *Lemanski v. Lemanski* (1967), 87 Ill. App. 2d 405, 409, 231 N.E.2d 191, *cert. denied* (1968), 393 U.S. 20, 21 L. Ed. 2d 21, 89 S. Ct. 52.) Moreover, the doctrine of *res judicata* should only be applied as fairness

and justice require, and only to facts and conditions as they existed when the judgment was entered. (*La Salle National Bank,* 54 Ill. App. 3d 944, 955.) Applying these principles to the instant case, we find the doctrine of *res judicata* inapplicable as a bar to further proceedings on count I of plaintiff's complaint as amended.

■■ Since the causes of action for specific performance and money damages are not the same, the December 5, 1972, judgment for Borrowdale on count II is conclusive only as to those questions actually raised and determined therein. As a result of Borrowdale's delay and ultimate failure to deliver the Acigraf system to 1335 West Chicago Avenue while the plaintiff still had a lease on those premises, the improvements placed therein by the plaintiff allegedly became worthless. Judge Mejda specifically found that the plaintiff had begun to make those leasehold improvements in 1967 and ordered Borrowdale to make the same leasehold improvements in the new premises. Thus, the inference arises that the question of liability for the expenses incurred for the leasehold improvements at 1335 West Chicago Avenue was decided in favor of the plaintiff rather than Borrowdale. Moreover, the trial court's finding that the plaintiff had sustained all the material allegations of count I which includes those allegations of expenses for sales, advertising, and promotion, equipment and machinery, and lost profits cannot be reconciled with the court's finding that the plaintiff had failed to sustain its burden of proof of the same allegations in count II. Under these circumstances, we find the court's latter statement insufficient to evoke the doctrine of estoppel by verdict. Borrowdale has not submitted the record of the proceedings in which these questions were allegedly raised and determined in its favor. There is nothing in the record before us to establish that the trial court decided the question of damages on the merits. Rather, we are of the opinion that Judge Mejda entered judgment for Borrowdale on count II while under the belief that the remedy of specific performance granted the plaintiff in count I was enforceable. In the absence of any other evidence to support Borrowdale's contention, we find that it failed to sustain its burden of proving that the issue of damages was actually raised and determined by the trial court on the merits. Moreover, the facts and conditions have changed considerably since the entry of the December 5, 1972, judgment, rendering the application of the doctrine of *res judicata* unfair and unjust.

■■ ■ Nor does the doctrine of election of remedies prohibit plaintiff's pursuit of damages in lieu of specific performance. An election of remedies is the adoption of one or two or more co-existing remedies, with the effect of precluding a resort to the others. (28 C.J.S. *Election of Remedies* §1 (1941).) However, the preclusion from resort to other

remedies occurs only if the remedies are inconsistent. (*Altom v. Hawes* (1978), 63 Ill. App. 3d 659, 661, 380 N.E.2d 7.) For one proceeding to be a bar to another, the remedies must proceed from opposite and irreconcilable claims of right and must be so inconsistent that a party could not logically assume to follow one without renouncing the other. (*Fleming v. Dillon* (1938), 370 Ill. 325, 332, 18 N.E.2d 910.) On the other hand, if coexistent remedies are consistent with each other, a party may adopt all or select any one which he thinks best suited to the end sought, and only the satisfaction of the claim in one case constitutes a bar of the other. *Fleming*, 370 Ill. 325, 331.

■■ ■ Our circuit courts have "original jurisdiction of all justiciable matters * * *." (Ill. Const. 1970, art. VI, §9.) Therefore, the trial court hearing chancery matters has full jurisdiction to award such legal damages as have resulted from delay in the performance of the contract in addition to decreeing specific performance. (See Annot., 95 A.L.R. 228, 229 (1938); *Fleming v. O'Donohue* (1923), 306 Ill. 595, 601-02, 138 N.E. 183; *Lidikevicz v. Kopala* (1925), 315 Ill. 404, 410, 146 N.E. 461.) The plaintiff's claim for the cost of the leasehold improvements at 1335 West Chicago Avenue due to the change in circumstances caused by Borrowdale's delay could have been allowed in addition to decreeing specific performance, and is, therefore, consistent with it. Nor do we see any inconsistency in an award for the loss of the expenses incurred in 1967 for sales, advertising and promotion, or for the loss of past profits allegedly due to the defendant's delay in performing the contract and ultimate failure to comply with the court's 1972 decree of specific performance if such losses are proved.

■■ However, the plaintiff's claim for the cost of the additional equipment and for the loss of future profits is irreconcilable and inconsistent with its claim for specific performance. Nevertheless, Illinois courts, as well as those of other jurisdictions, have endeavored to determine in some instances not whether by the nature of the remedies invoked they are inconsistent, but whether the party should be estopped to bring the second action. (See *Altom*, 63 Ill. App. 3d 659, 662-63, and authority cited therein.) Thus, the doctrine of election of remedies was found inapplicable as a bar despite the inconsistency of the remedies claimed in *Altom* where it was found that there was no threat of double recovery, that the defendant was not misled and had not changed his position in reliance on the plaintiff's conduct, and that there was nothing about the action that would serve to bar the subsequent action by reason of *res judicata* or collateral estoppel. (*Altom*, 63 Ill. App. 3d 659, 663-64.) In the instant case we have previously found the doctrine of *res judicata* inapplicable. The defendants' motion to dismiss did not allege that they

had in any way changed their position in reliance on the plaintiff's claim for specific performance. Since specific performance has been previously found unenforceable, there is no threat of double recovery.

■■ Moreover, pursuit of a supposed, but actually non-existent, remedy, is not an election which will bar the later successful prosecution of one actually existing, though inconsistent with the former. (*Jadwin v. Hoyt* (7th Cir. 1924), 1 F.2d 784, 786.) The law will not deprive a party of a meritorious claim merely because he attempts to collect it by an inappropriate action. *Chicago Title & Trust Co. v. De Lasaux* (1929), 336 Ill. 522, 527, 168 N.E. 640; *Garrett v. John V. Farwell Co.* (1902), 199 Ill. 436, 442-43, 65 N.E. 361.

For all the foregoing reasons, we find that the trial court erred in granting the defendants' motion to dismiss count I and in denying plaintiff leave to amend that count of the original complaint.

## II.

However, the trial court did not err in denying plaintiff's motion to amend its complaint to add count V. The gist of count V is that due to Borrowdale's alleged fraud the plaintiff was deprived of its claim for the damages alleged in count II of its complaint.

■■ After judgment, a pleading may be amended only to conform the pleadings to the proofs. (Ill. Rev. Stat. 1977, ch. 110, par. 46(3); *Fultz v. Haugan* (1971), 49 Ill. 2d 131, 136, 273 N.E.2d 403.) Although permissible before judgment, adding a new cause of action after judgment is inappropriate. (Ill. Rev. Stat. 1977, ch. 110, par. 46(1); *Fultz*, 49 Ill. 2d 131, 136-37.) In the instant case, we have not found any evidence presented to the trial court as to Borrowdale's alleged fraud in procuring the judgment on count II. Moreover, proposed count V is based on an entirely new cause of action in tort. Therefore, the addition of count V to the plaintiff's complaint was properly denied.

## III.

The judgment of the circuit court of Cook County in its cause 67 CH 6452 is hereby reversed, and the said cause is hereby remanded with directions to reinstate said cause 67 CH 6452 and to take such other action not inconsistent with the views expressed herein.

Reversed and remanded with directions.

PERLIN and HARTMAN, JJ., concur.