AETNA LIFE & SURETY COMPANY, Plaintiff-Appellee, v. THE NORTH-ERN TRUST COMPANY OF ILLINOIS, Defendant-Appellant (Helen S. Baron, Defendant).

First District (4th Division)   No. 86—2776

Opinion filed April 28, 1988.

Wildman, Harrold, Allen & Dixon, of Chicago (James T. Nyeste and Robert B. Blasio, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Fred A. Smith III and Lynn D. Dowd, of counsel), for appellee.

JUSTICE McMORROW delivered the opinion of the court:

Plaintiff Aetna Life & Surety Company filed a declaratory judgment action in the circuit court of Cook County seeking a determination that it had no obligation to defend or indemnify the defendant Northern Trust Company with respect to a lawsuit brought against Northern by Helen S. Baron. Northern sought coverage for what it characterized, *inter alia,* as a claim for malicious prosecution. The

trial court entered summary judgment in favor of Aetna on the ground that it owed Northern no duty to defend, and Northern appeals.

We affirm.

BACKGROUND

In a complaint filed in the circuit court of Cook County, Baron sued Northern, as executor of the estate of Hillard W. Marks, for allegedly interfering with Baron's rights under Marks' last will and testament. (Baron v. Northern Trust Co., No. 75—L—21787.) As ultimately amended, Baron's pleading alleged that Northern refused to pay off a promissory note, attempted to seize two racehorses, intercepted Baron's mail, attempted to interfere with the attorney/client relationship, wilfully refused to follow burial instructions, and sought to prevent payment of life insurance proceeds. The complaint also alleged that Northern had filed a complaint for an accounting in which it claimed that Baron had wrongfully converted joint bank account proceeds.

As pertinent to this appeal, Northern asserted that Aetna had a duty to defend it with respect to the allegations in Baron's complaint regarding Northern's attempt to obtain two racehorses. In this regard Baron's pleading, as ultimately amended, stated that Northern "wilfully, wrongfully and maliciously violated [its] duty of good faith and fair dealing, in that [Northern] *** attempted to seize two thoroughbred race horses *** without legal process, both of which were owned by [Baron], and thereafter obtain orders of court preventing [Baron] from racing said horses, thereby causing these horses to depreciate in value and ultimately compelling [Baron] to dispose of said horses and hold the proceeds in escrow, notwithstanding that [Northern] knew that said horses were property of [Baron]."

Northern was insured by Aetna in a policy providing that Aetna would defend Northern with respect to a lawsuit alleging that Northern had committed conduct amounting to "[f]alse arrest, detention or imprisonment, or malicious prosecution" during the course of Northern's business. Aetna represented Northern in the *Baron* lawsuit under a reservation of rights to later contest its duty to defend Northern in the legal proceeding.

Thereafter all allegations against Northern in the *Baron* case were dismissed by the circuit court for failure to state claims for which relief could be granted. On appeal, this court reversed the trial court's determination with regard to those allegations in the *Baron* complaint set forth above, reasoning that said allegations were suffi-

cient to state a claim for wrongful interference with Baron's rights under the Marks will. The matter was remanded for further proceedings. (*Baron v. Northern Trust Co.* (1984), 123 Ill. App. 3d 1152, 479 N.E.2d 1242 (order under Supreme Court Rule 23).) In its declaratory judgment action, Aetna then motioned for summary judgment on the ground that there were no allegations in the *Baron* complaint triggering coverage. Following briefing and argument, the trial court allowed the motion for summary judgment and entered judgment in favor of Aetna in the declaratory judgment action. Northern appeals.

Opinion

Northern argues that Aetna had a duty to defend it in the *Baron* lawsuit because that underlying complaint alleged facts which potentially fell within the "malicious prosecution" coverage of its insurance policy with Aetna. Northern maintains that the underlying claim can reasonably be characterized as one for malicious prosecution. Under the circumstances of this case, we disagree.

■■ ■ Generally, "a complaint need not allege or use language affirmatively bringing the claim(s) within the scope of the policy [citation], as the question of coverage should not hinge exclusively on the draftsmanship skills, or whims, of the plaintiff in the underlying action [citation] ***." (*International Minerals & Chemical Corp. v. Liberty Mutual Insurance Co.* (1988), 168 Ill. App. 3d 361, 377; see also *Trovillion v. United States Fidelity & Guaranty Co.* (1985), 130 Ill. App. 3d 694, 699-700, 474 N.E.2d 953; *Maryland Casualty Co. v. Chicago & Northwestern Transportation Co.* (1984), 126 Ill. App. 3d 150, 152-53, 466 N.E.2d 1091; *Reis v. Aetna Casualty & Surety Co.* (1978), 69 Ill. App. 3d 777, 784-85, 387 N.E.2d 700; 7C J. Appleman, Insurance Law and Practice §§4682 through 4686 (Berdal ed. 1979 & Liebo ed. Supp. 1987).) Consequently, had Baron's complaint contained a count that inartfully or incompletely alleged a cause of action sounding in malicious prosecution or a closely related legal theory such as abuse of process, or if the underlying complaint had contained factual allegations amounting in substance to all of the elements necessary for malicious prosecution or abuse of process claims (even upon amendment), Northern's assertion of Aetna's duty to defend might be meritorious. See, *e.g., Parker Supply Co. v. Travelers Indemnity Co.* (5th Cir. 1979), 588 F.2d 180; *Koehring Co. v. American Mutual Liability Insurance Co.* (E.D. Wis. 1983), 564 F. Supp. 303; *CNA Casualty v. Seaboard Surety Co.* (1986), 176 Cal. App. 3d 598, 222 Cal. Rptr. 276.

However, Baron's underlying complaint was not founded on legal

theories of malicious prosecution or abuse of process. Rather the complaint, as it pertained to Northern, sought recovery for Northern's alleged breach of its fiduciary duties as executor of Marks' will and estate. There is nothing in the record to indicate that Baron ever attempted to seek recovery from Northern under any other legal theory, or that Baron argued that her allegations against Northern amounted not only to breach of a fiduciary duty, but also malicious prosecution or abuse of legal process. Most importantly, Baron's complaint did not allege in substance all the factual elements necessary to causes of action in malicious prosecution or abuse of process, and Northern has not shown how the complaint could have been amended to state such claims. Given these considerations, we decline to hold that Aetna was obligated to defend Northern under the facts of this case.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN and JOHNSON, JJ., concur.